Taliaferro, J.
The administrator caused property of the estate to be sold. John Hearne, the defendant in this suit, bought three lots of ground, with the buildings and improvements upon them. The terms were cash in hand; these lots were separately adjudicated to him at the price of $1000 each. Failing to comply with the terms of sale, a rule was taken upon him to show cause why the property should not be sold at his folie enchere. He set up in his defense that, as to one of the lots the succession was without valid title, and could not confer a *151 title on him; that the other lots were so situated that the buildings on the rear part of them were inaccessible from the street, except by an alleyway taken off one side of the lot to which the estate had no title, and as his inducement to bid for the rear lots was, that the buildings upon them could be used by means of the alleyway leading to the street, they would be of no practical use to him if deprived of the first or front lot by the true owner. On trial of the rule judgment was rendered in the defendant’s favor, and the administrator appealed.
Trainor, it appears, bought the lot about which the dispute is as to the title, at a tax sale made in August, 1860, at the suit of the city of New Orleans for city taxes. The record of the tax suit in which the property was sold was introduced in evidence. The sale was made under the provisions of the act No. 85 of the session of 1858, and act No. 175 of 1859, additional thereto. The second section of the act No. 85 of 1858 provides : “That the tax receipt or receipts of each delinquent tax payer shall, after the expiration of thirty days’ publication referred to in the preceding sections, be severally stamped by the city treasurer with the words ‘published according to law,’ and shall from that time become an executory process against the party owing the tax, •on which it shall be the duty of any judge of competent jurisdiction, as soon as applied to, to enter up judgment and grant a writ of seizure and sale against the property, * * * as in all other cases of seizure and sale provided for by the laws of the State.” The tax bill does not show the placing upon it of the treasurer’s stamp. The tax receipt was made out in the name of “Widow Lanahan,” and the suit was brought against her. The notice of service is also addressed to Widow Lanahan, and the sheriff returned it with service made on “Peter Leslie, tutor of the minor heir of Widow Lanahan, deceased.”
On the- part of the administrator it is answered, that the tax sale was in the nature of a proceeding in rem, and the regularity of the proceedings is presumed by law; that the sale could only be impeached by direct action of nullity at the suit of the party aggrieved, in which restitution of the price and the value of the improvements would be a ■condition precedent to the maintenance of the action, referring to Barelli v. Gauche, 24 An. 324, and Shields v. Lafon, 7 An. 135-6. It is shown on the part of the administrator that Trainor was in uninterrupted possession of the lot in question from the day of the sale to the time of his death, a period of fourteen years. Lastly, it is contended that the act of 1873, No. 101, relieves all purchasers of real estate sold at public auction to satisfy judgments for State, parish or municipal taxes, and renders valid and perfects their titles after judicial possession of the property purchased for two years under deed of sale duly recorded.
*152 We are of the opinion that the evidence does not establish a valid title in the succession of Trainor, and that the judgment of the lower court should be affirmed. See case of Dupre v. Thompson, sheriff, et al., and cases there cited, 25 An. 504.
It is therefore ordered that the judgment appealed from be affirmed' with costs.
Rehearing refused.